Zheng v. Barr

BIA
Sichel, IJ
A205 923 126

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand twenty.

PRESENT:
    JON O. NEWMAN,
    JOSÉ A. CABRANES,
    GERARD E. LYNCH,
        *Circuit Judges.*

_____

JIANG ZHENG,
        *Petitioner,*

v.                                                18-3006
                                                  NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:            Norman Kwai Wing Wong, New York, NY.

FOR RESPONDENT:            Joseph H. Hunt, Assistant Attorney General; Stephen J. Flynn, Assistant Director; Lindsay Marshall, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jiang Zheng, a native and citizen of the People's Republic of China, seeks review of a September 19, 2018, decision of the BIA affirming an October 5, 2017, decision of an Immigration Judge ("IJ") denying Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jiang Zheng,* No. A 205 923 126 (B.I.A. Sept. 19, 2018), *aff'g* No. A 205 923 126 (Immig. Ct. N.Y. City Oct. 5, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility

2

determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167; *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Zheng was not credible as to his claim that he would attend an unregistered church in China and that he fears persecution on that account.

The agency reasonably found implausible and inconsistent Zheng's testimony regarding his friend who purportedly introduced him to Christianity and took him to church in China. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Zheng testified implausibly that he could not remember the friend's name even

3

though they had known each other for "quite some time" having been playmates in childhood. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66–67 (2d Cir. 2007) (recognizing that an IJ may rely on inherently implausible testimony particularly if the finding is "tethered to record evidence"). Zheng later testified inconsistently that he had known this friend for only two years, which would have meant Zheng met the friend when he was approximately 30 years old rather than in childhood. Zheng could not compellingly explain this implausible and inconsistent testimony. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The agency also reasonably found Zheng's testimony inconsistent regarding whether his church in China was located at the top or bottom of the mountain near his home. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). In attempting to explain this inconsistent testimony, Zheng stated that he did not know the exact location of the church because he had only recently begun his religious practice. The IJ was not

4

compelled to credit this explanation because Zheng testified that he lived near the mountain and helped build the roof of the church structure.  *See Majidi*, 430 F.3d at 80.

The IJ also reasonably relied on Zheng's unresponsiveness when asked about his friend in China to whom he purportedly proselytized on the telephone.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii).  It took four questions before Zheng provided the name of his friend, and then he became evasive again when asked why he did not have a corroborating letter from that friend.

Having questioned Zheng's credibility, the agency reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence.  "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."  *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).  The agency reasonably declined to credit the unsworn letter from Zheng's wife because she is an interested party who was not available for cross-examination.  *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation

5

of the weight to be afforded an applicant's documentary evidence."); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that letters from alien's friends and family were insufficient to provide substantial support for alien's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012). That letter was the only evidence proffered to corroborate Zheng's assertion that he had attended an unregistered church in China.

Given the implausibility, inconsistency, evasiveness, and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The determination that Zheng was not credible as to his claim that he attended an unregistered church in China and would do so again if removed is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate—his fear of persecution for practicing his religion in an unregistered church in China. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). Contrary to Zheng's contention, the agency was not required to apply *Hongsheng*

6

*Leng v. Mukasey* because the holding in that case applies to noncitizens attempting "to establish eligibility for relief based exclusively on activities undertaken after . . . arrival in the United States."  528 F.3d 135, 138 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court